JOHN F. LENNON *vs.* BOARD OF CANVASSERS AND REGISTRATION
OF THE CITY OF PAWTUCKET *et al.*

DECEMBER 14, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Payment of Taxes by Other than Person Assessed.*

Where it appears that the taxes of 1,148 persons were paid to the collector of taxes at one time by a third person, in the absence of any testimony of such person or of the individual taxpayers, the payment appears to have been a voluntary and unauthorized act on the part of such person which *prima facie* did not qualify the persons assessed to vote, and making it incumbent upon the respondents in *certiorari* (assessors of taxes, collector of taxes, and board of canvassers), brought by candidates for city council, to show an authorization in each instance sufficient to satisfy the requirements of the constitution.

CERTIORARI. By candidates for city council of Pawtucket,. against collector of taxes, assessors of taxes, and board of canvassers.

PER CURIAM. The testimony is undisputed that 1,293 taxes, on personal property, each assessed on a valuation of $200, and which amounted to $3.31 in each case, were paid on October 27th, 1908.

It is further not disputed that on the same day William H.. Barclay paid·to the collector of taxes of Pawtucket the sum of $3,800 for the payment of such taxes, and that that sum did, in fact, pay the taxes of 1,148 persons, including 475 of the· qualified electors of the third ward. Deducting 1,148 from 1,293, it thus appears that such personal property taxes of only 145 persons were paid in the entire city, on that day, otherwise than by the Barclay fund. If even half of these 145 are· assumed to have been qualified electors of the third ward, and also to have paid their taxes personally, there still remain more than 400 persons in that ward who appear to have been qualified, if at all, only by the payment made by Barclay; a number which exceeds the highest plurality of any successful candidate..

As the evidence now stands, there being no testimony either from Barclay or the individual taxpayers, the payment of these taxes appears to have been a voluntary and unauthorized act on the part of Mr. Barclay, and *prima facie* did not qualify the persons assessed to vote. We think it is incumbent upon· the respondents to show, if they can, an authorization, in each, instance, sufficient to satisfy the requirement of the constitution..

The case, therefore, will be assigned for further hearing.

*Hugh J. Carroll*, for petitioner.

*Frank W. Tillinghast, Edward W. Blodgett*, and *Michael J.. Lynch*, for respondents.